**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SWANK, Mark A. | ) | Bankruptcy Case No. 10-81602 |
| SWANK, Susan M., | ) | (Chapter 7) |
| Debtors. | ) | |
| | ) | |
| NANCY J. GARGULA, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Case No. 10- |
| | ) | |
| MARK A. SWANK, and | ) | |
| SUSAN M. SWANK, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT**
**TO DENY DISCHARGE**

NANCY J. GARGULA, United States Trustee for Region 10, by Attorney Sabrina M. Petesch, respectfully represents:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 727(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

2. Plaintiff has standing to object to the Defendants' discharges in this case. 11 U.S.C. §§ 307 & 727(c)(1).

3. Defendants, MARK A. SWANK and SUSAN M. SWANK, filed a joint petition in Bankruptcy under Chapter 7 on May 17, 2010.

4. Defendants' discharges have not been entered by the Court. The deadline to object to discharge is September 5, 2010. This Adversary Complaint is timely filed.

5. Upon filing bankruptcy, Defendants disclosed under penalty of perjury that they possessed not more than $5,000 cash on hand [Schedule B, Question 1], and that they did not hold or control any property owned by another person [Statement of Financial Affairs, Question 14]. [See Court Document No. 1].

6. On July 7, 2010, the original date set for the § 341 First Meeting of Creditors, Debtors testified under oath that they had reviewed and signed their bankruptcy papers; that the papers were accurate; that they listed everything they owned and everyone to whom they owed money; that they answered all the questions truthfully; and that they did not need to make any changes, corrections or updates to their bankruptcy Schedules or Statement of Financial Affairs filed with the Court.

7. Upon information and belief, on July 8, 2010, agents with the Federal Bureau of Investigation and Internal Revenue Service (hereafter referred to collectively as "Federal Agents"), with court issued search warrants, raided Defendants' home and uncovered $92,200.00 in cash.

8. On July 9, 2010, after the discovery by Federal Agents of $92,200.00 in cash in the Defendants' home, Defendants filed an amended Statement of Financial Affairs changing their answer to Question 14, "Property held for another person," and disavowed under penalty of perjury any ownership interest in the funds by stating: **"$92,200.00 cash held for expenses of the corporation. Funds belong to FasTech Services, Inc."** [See Court Document No. 10].

9. On August 25, 2010, while under oath at their continued Meeting of Creditors, Defendants testified that the $92,200.00 cash found in their home belongs **not** to FasTech Services, Inc., but to them individually and represents funds from their personal bank accounts and payroll checks that they cashed over the last several years.

## COUNT 1
## CONCEALMENT OF INTEREST IN PROPERTY

10. Defendants first failed to disclose their interests in $92,200.00 in cash on their Schedule B which was signed under penalty of perjury on May 14, 2010 and filed with the Court on May 17, 2010. [See Court Document No. 1, Schedule B and "Declaration Concerning Debtor's Schedules"].

11. Defendants next failed to disclose their interests in $92,200.00 in cash by testifying falsely at their originally scheduled § 341 First Meeting of Creditors held on July 7, 2010.

12. Defendants finally tried to hide their interests in $92,200.00 in cash after it was discovered in their home by Federal Agents by filing a false and misleading amended Statement of Financial Affairs signed under penalty of perjury disavowing any interest in the funds by claiming the cash was property of FasTech Services, Inc. [See Court Document No. 10, Question 14].

13. Upon information and belief, the Defendants presently contend this $92,200.00 in cash is personal income of the Defendants, some of which they withdrew from various bank accounts they personally held, and some of which was from cashing their paychecks outright and setting aside the money. The act of removing funds from accounts where balances can be discovered by creditors or a trustee is also concealment.

14. Defendants, with the intent to hinder, delay, or defraud their creditors and the trustee, attempted in four separate ways to conceal their interests in cash on hand in the amount of $92,200.00 in violation of § 727(a)(2)(A) any one of which is cause for denial of discharge.

## COUNT 2
## FALSE OATH ON SCHEDULES
## CONCERNING DEFENDANTS' ASSETS

15. Defendants failed to disclose on their schedules their interests in $92,200.00 cash held at their home.

16. Schedule B, Question 1, filed with the Court on May 17, 2010, required Defendants to disclose cash on hand. Defendants answered "$5,000.00." [See Court Document No. 1].

17. This statement was false and the "Declaration Concerning Debtor's Schedules" was signed by the Defendants under penalty of perjury on May 14, 2010. [See Court Document No. 1].

18. Defendants made a false oath or account in their bankruptcy case which is cause for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

### COUNT 3
### FALSE OATH ON **AMENDED** STATEMENT OF FINANCIAL AFFAIRS CONCERNING PROPERTY HELD FOR OTHERS

19. Defendants asserted in their **amended** Statement of Financial Affairs **filed on July 9, 2010**, after the Federal Agents' discovery of $92,200.00 cash at Defendants' residence, that the funds were from an expense account belonging to FasTech Services, Inc. [See Court Document No. 10, Question 14].

20. The Statement of Financial Affairs, Question 14, "Property held for another person" required Defendants to "list all property owned by another person that the debtor holds or controls." In answering this question, Defendants denied any ownership interest in the $92,200.00 cash discovered by the Federal Agents in their home. [See Court Document No. 10, Question 14].

21. Defendants signed the accompanying "Declaration Under Penalty of Perjury By Individual Debtor" filed with the amended Statement of Financial Affairs on July 9, 2010. [See Court Document No. 10].

22. Defendants subsequently claimed under oath during their § 341 First Meeting of Creditors on August 25, 2010 that these same funds were their personal savings and not FasTech Services, Inc.'s property.

23. Defendants made a false oath or account in this bankruptcy case on their **amended**

Statement of Financial Affairs filed on July 9, 2010 which is cause for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

### ALTERNATIVE COUNT 4
IF ANY PART OF THE CASH DOES NOT BELONG TO DEFENDANTS, FALSE OATH ON **ORIGINAL** STATEMENT OF FINANCIAL AFFAIRS CONCERNING PROPERTY HELD FOR OTHERS

24. Defendants asserted in their **original** Statement of Financial Affairs **filed on May 17, 2010**, in answer to Question 14, that they did not hold any property owned by another person. [See Court Document No. 1, Statement of Financial Affairs, Question 14].

25. Defendants signed this **original** Statement of Financial Affairs under penalty of perjury on May 14, 2010. [See Court Document No. 1, "Declaration Under Penalty of Perjury by Individual Debtor"].

26. If it is ultimately determined that any part of the $92,200.00 sum of cash recovered by Federal Agents from Defendants' house is indeed property of another, then Defendants made a false oath or account in this bankruptcy case on their **original** Statement of Financial Affairs which is cause for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

### ALTERNATIVE COUNT 5
IF ANY PART OF THE CASH DOES NOT BELONG TO DEFENDANTS, FALSE TESTIMONY AT MEETING OF CREDITORS CONCERNING DEFENDANTS' Interests IN PROPERTY

27. Defendants, while testifying at their continued § 341 meeting of creditors on August 25, 2010, asserted that the entire $92,200.00 in cash discovered by Federal Agents was their personal savings.

28. If it is ultimately determined that any part of the $92,200.00 sum of cash recovered by Federal Agents from Defendants' house is indeed property of another, then Defendants testified

falsely at their continued § 341 meeting of creditors which is cause for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE,** Plaintiff prays that the discharges of Defendants, MARK A. SWANK and SUSAN M. SWANK, be denied, and that such further relief, both general and special, to which Plaintiff may show herself justly entitled at law or in equity be granted.

**DATED:** August 31, 2010.

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

/s/ *Sabrina M. Petesch*

Sabrina M. Petesch
Attorney for U. S. Trustee

United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois  61602
Telephone:  (309) 671-7854 x228