IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | IN BANKRUPTCY |
| MARK A. SWANK | ) | NO. 10-81602 |
| | ) | |
| | ) | ADVERSARY |
| Debtor. | ) | NO._____ |
| | ) | |
| SOY CAPITAL BANK AND TRUST COMPANY | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK A. SWANK | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR'S DEBTS DUE PLAINTIFF**

     N O W COMES the Plaintiff, Soy Capital Bank and Trust Company, by its attorney, Thomas M. Shade, and for its Complaint against the Defendant, MARK A SWANK, alleges as follows:

     1.     THAT this Court has jurisdiction over this core adversary proceeding pursuant to the provisions of 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Section 523.

     2.     THAT the Defendant is the Debtor in this Chapter 7 case. The Plaintiff is a creditor of the Debtor.

     3.     THAT this is an adversary proceeding in which the Plaintiff is objecting to the discharge of the Defendant's debts to Plaintiff which arise out of a Term Note dated January 4, 2008 for $1,000,000.00 and a Line of Credit Note dated January 4, 2008 for $1,6000,000.00.

copies of which are attached hereto as Exhibits A and B.

4. THAT on or about January 4, 2008, Plaintiff agreed to extend financing to T. A. Brinkoetter & Sons, Inc. (hereinafter " T. A. Brinkoetter") and Swank Enterprises, Inc. (hereinafter "SEI") as co-makers for the purchase by SEI of all of the outstanding stock of T. A. Brinkoetter pursuant to the terms of a Business Loan Agreement entered into by and between Plaintiff, T. A. Brinkoetter, SEI, and the Defendant, individually and on behalf of other corporate guarantors, which Agreement expressly incorporated the terms of a Loan Commitment letter dated December 10, 2007 which required that Plaintiff's notes be secured by a "1st secured position on all assets of the Borrower" and said Business Loan Agreement further prohibited T. A. Brinkoetter from doing the following acts without the prior written consent of Plaintiff: (i) "incur indebtedness for borrowed money, other than to Bank (Plaintiff)" or (ii) "Mortgage, pledge, assign, hypothecate, encumber or grant a security interest in any of its assets except to the Bank (Plaintiff) nor (iii) sell, transfer or assign any of its assets properties or business except in the ordinary course of business. A copy of said Business Loan Agreement is attached as Exhibit C.

5. THAT at the time the loans were entered into, Defendant was the sole stockholder of SEI and its President and upon the purchase of T. A. Brinkoetter, T. A. Brinkoetter became the wholly owned subsidiary of SEI with Defendant as its President. Plaintiff is informed and believes that at all time relevant hereto, Defendant was the sole director of both T. A. Brinkoetter and SEI.

6. THAT a Security Agreement dated January 4, 2008 was also executed by and on behalf of T. A. Brinkoetter by Defendant pledging said equipment and other collateral to Plaintiff to secure its Notes. A true and correct copy of said Security Agreement is attached hereto as Exhibit D.

7. THAT Defendant personally guaranteed said Notes as per the Guaranty attached hereto as Exhibit E.

8. THAT in September, 2008, Defendant caused T. A. Brinkoetter to enter into a

sale and leaseback agreement for a substantial portion of its equipment with the Citizens State Bank of Cropsey, which provided in part that T. A. Brinkoetter was to receive $600,000.00 from the Citizens State Bank and Citizens would take title to the equipment and lease it back to T. A. Brinkoetter.  Plaintiff is informed and believes that said sale was consummated on or about September 23, 2008, and that Defendant personally executed the Bill of Sale on behalf of T. A. Brinkoetter conveying said equipment "free and clear of any liens".  A copy of said Bill of Sale is attached hereto as Exhibit F.

     9.    THAT said sale was made without the knowledge of Plaintiff and without its consent, written or otherwise.   No part of the $600,000.00 proceeds received by T. A. Brinkoetter were paid to Plaintiff for application to the Notes due Plaintiff which were secured in part by the equipment.

     10.    THAT Defendant was fully aware of the security interest held by Plaintiff from his execution of the Loan Commitment letter, Business Loan Agreement and Security Agreements related to the Notes.

     11.    THAT Defendant caused said proceeds to be paid to T. A. Brinkoetter without payment to Plaintiff of the sale proceeds as required by Section 9-315.01 of the Uniform Commercial Code (810 ILCS 5/9-315.01).

     12    THAT Plaintiff is informed and believes that the Citizens State Bank of Cropsey and Defendant valued said equipment at a sum in excess of $800,000.00 at the time of the sale.

     13.    THAT the Defendant's actions in causing the equipment to be sold by T. A. Brinkoetter without Plaintiff's consent and in failing to pay the proceeds to Plaintiff were willful and wanton, constituted conversion of said assets and was done without justification or excuse, all to Plaintiff's detriment.

     14.    THAT by reason of the foregoing, the debt due and owing to the Plaintiff is not dischargeable under 11 U.S.C., Section 523(a)(6) to the extent of the value of the collateral at the time of sale.

     WHEREFORE, Plaintiff prays that Defendant, Mark A. Swank, be denied a discharge of

his obligation to Plaintiff to the extent of $800,000.00, and for such other and further relief as is just.

                                          SOY CAPITAL BANK AND TRUST COMPANY,
                                                                Plaintiff,

By: */s/ Thomas M. Shade*
            its Attorney

THOMAS M. SHADE
Attorney for Plaintiff
Suite 515 Millikin Court
132 South Water Street
Decatur, IL 62523
Telephone: (217) 428-0905

## CERTIFICATE OF SERVICE

       The undersigned certifies that this electronic document was served electronically through the court's electronic mailing system pursuant to the notice generated by the court or by regular mail, postage prepaid and deposited in a U.S. Post Office Box at Decatur, Illinois on September 2, 2010.

    Mark A. Swank
    218 Legion Road
    Washington, Illinois 61571

    Mark A. Swank
    C/o Misty Wilson
    414 Hamilton Blvd #100
    Peoria, Illinois 61602

    United States Trustee
    Office of the U. S. Trustee
    401 Main Street, Suite 1100
    Peoria, Illinois 61602

    Richard E. Barber, Trustee
    250 E. Main Street, Suite 318
    Galesburg, Illinois 61401

                                                    By: */s/ Thomas M. Shade*

THOMAS M. SHADE
Attorney for Creditor
Suite 515 Millikin Court
132 South Water Street
Decatur, IL  62523
Telephone: (217) 428-0905