UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MARK A. SWANK and | ) Chapter 7 |
| SUSAN M. SWANK, | ) |
| | ) Case No. 10-81602 |
|     Debtors. | ) |
| | ) |
| | ) |
| FASTECH SERVICES, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 10- |
| | ) |
| MARK A. SWANK and | ) |
| SUSAN M. SWANK, | ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT
PURSUANT TO 11 U.S.C. §§ 523(a)(2) AND (4)**

NOW COMES FASTECH SERVICES, INC. ("Plaintiff"), by and through its undersigned counsel, and for its complaint against MARK A. SWANK ("Mark") and SUSAN M. SWANK ("Susan") (Mark and Susan are sometimes hereinafter collectively referred to as "Defendants"), pursuant 11 U.S.C. §§ 523(a)(2) and (4)[1] and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On May 17, 2010 (the "Petition Date"), Defendants filed a voluntary joint petition for relief under chapter 7 of the Bankruptcy Code (the "Bankruptcy Case").

2. Plaintiff filed a proof of unsecured claim in the Bankruptcy Case in the amount of not less than $92,200.00.

---

[1] 11 U.S.C. § 1 *et. seq.* is hereinafter referred to as the "Bankruptcy Code."

3. Plaintiff brings this proceeding for a determination of the dischargeability of the debt owed to it by Defendants pursuant to §§ 523(a)(2) and (4) of the Bankruptcy Code.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J).

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(a). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(A), (J) and (O).

6. Venue is proper in this District by virtue of 28 U.S.C. § 1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this District.

7. As of the Petition Date, and at all material times prior thereto, Mark served as Chairman of Plaintiff and as Chairman and Chief Executive Officer of Plaintiff's parent company, SARS Corporation ("SARS").

8. SARS caused Plaintiff to be incorporated in 2009. Pursuant to a merger agreement, Alternatech, Inc.; Art and Print, Inc.; Associated Mechanical, Inc.; Environmental Insulation, LLC; Environmental Systems Distribution & Design, LLC; ESDD, LLC; R.J. Power Plumbing & Heating Company; Swank Enterprises, Inc. and Twin City Controls (collectively, the "FasTech Companies") were merged into Plaintiff. Another corporation, T.A. Brinkoetter & Sons, Inc. ("TAB"), is a wholly-owned subsidiary of Plaintiff.

9. Prior to the merger, Mark, either individually or through a corporation wholly-owned by him, had acquired all of the issued and outstanding common stock of TAB and most of the FasTech Companies.

10. Prior to the merger, Mark served as an officer and director of TAB and most if not all of the FasTech Companies. At various times, Mark also was a signatory on most of the depository accounts maintained by TAB and most if not all of the FasTech Companies.

11. As of the Petition Date, and at all material times prior thereto, Susan was an employee of Plaintiff.

2

12. On or about the Petition Date, Defendants filed certain required documents in the Bankruptcy Case wherein they stated under penalty of perjury that they possessed not more than $5,000.00 in cash (Schedule B, Question 1), and that they did not hold or control any property owned by another person. (Statement of Financial Affairs, Question 14.)

13. This Court may take judicial notice of all papers filed by Defendants in the Bankruptcy Case.

14. On July 8, 2010, representatives of the Federal Bureau of Investigation and the Internal Revenue Service (collectively, the "Federal Agents") exercised a search warrant to gain entry to and inspect Defendants' residence. On information and belief, Defendants were not present during the search of their residence on July 8, 2010 by the Federal Agents.

15. On information and belief, on July 8, 2010, the Federal Agents uncovered and seized a substantial sum of cash from Defendants' residence, the aggregate sum of which is not known to Plaintiff, as well as other items of personalty including numerous boxes of documents.

16. On July 9, 2010, Defendants filed their Amended Statement of Affairs in the Bankruptcy Case wherein Defendants stated under penalty of perjury that as of the Petition Date they held or controlled the following property owned by another person: "$92,200.00 cash held for expenses of corporation. Funds belong to FasTech Services, Inc." (Amended Statement of Financial Affairs, Question 14.) (the $92,200.00 in cash is hereinafter referred to as "Plaintiff's Property.")

17. The proof of claim filed by Plaintiff in the Bankruptcy Case is based upon Defendants' sworn statement set forth in Paragraph 16 above. Plaintiff does not know what greater sum of cash belonging to Plaintiff, if any, in excess of Plaintiff's Property was in Defendants' possession, custody or control prior to the Petition Date. Therefore, Plaintiff

3

reserved the right to file an amended proof of claim if it subsequently determines that Defendants' debt is greater than $92,200.00.

18. On July 21, 2010, SARS, on its own behalf and on behalf of its subsidiaries, including Plaintiff, suspended Mark without pay and made written demand upon Mark to explain in detail by not later than July 27, 2010, the manner by which he came into possession of Plaintiff's Property and to respond to other questions set forth therein, including the request that Mark provide a detailed list of all other property belonging to Plaintiff that had been seized by the Federal Agents. A true and correct copy of such correspondence is attached hereto as Exhibit A ("Mark's Demand Letter").

19. Mark received Mark's Demand Letter.

20. Mark never responded to Mark's Demand Letter.

21. Due to Mark's refusal to respond to Mark's Demand Letter, on August 2, 2010, Mark was terminated for cause, and since that date Mark has not been associated with Plaintiff or any of its affiliates in any capacity.

22. On July 21, 2010, SARS, on its own behalf and on behalf of its subsidiaries, including Plaintiff, suspended Susan without pay and made written demand upon Susan to explain in detail by not later than July 27, 2010, the manner by which she came into possession of Plaintiff's Property and to respond to other questions set forth therein, including the request that Susan provide a detailed list of all other property belonging to Plaintiff that had been seized by the Federal Agents. A true and correct copy of such correspondence is attached hereto as Exhibit B ("Susan's Demand Letter").

23. Susan received Susan's Demand Letter.

24. Susan never responded to Susan's Demand Letter.

25. Due to Susan's refusal to respond to Susan's Demand Letter, on August 2, 2010, Susan was terminated for cause, and since that date Susan has not been associated with Plaintiff or any of its affiliates in any capacity.

## COUNT I
## DETERMINATION OF THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)—FALSE PRETENSES

1 – 25. Plaintiff incorporates by this reference Paragraphs 1 through 25 inclusive of Allegations Common to All Counts as and for Paragraphs 1 through 25 of this Count I as if fully set forth herein verbatim.

26. Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part "[a] discharge under section 727, . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ."

27. Mark never disclosed to Plaintiff that he was in possession of Plaintiff's Property.

28. Susan never disclosed to Plaintiff that she was in possession of Plaintiff's Property.

29. At all material times, each of the Defendants knew Plaintiff often struggled to operate its business in the ordinary course of business due to Plaintiff's lack of adequate working capital.

30. By their silence and failure to disclose material facts, Plaintiff was given the false impression that neither of the Defendants was in possession of Plaintiff's Property.

31. Defendants' conduct constitutes false pretenses.

32. The debt owed by Defendants to Plaintiff was caused Defendants' false pretenses.

33. By reason of the foregoing, the debt owed to Plaintiff by Defendants should be excepted from discharge, and Plaintiff is entitled to a judgment against Defendants in the amount

of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto.

WHEREFORE, Plaintiff, FasTech Services, Inc., requests that this Court (a) rule the debt owed by Defendants to Plaintiff is excepted from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (b) enter judgment in favor of Plaintiff and against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto; and (c) grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## DETERMINATION OF THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)—FALSE REPRESENTATION

1-30. Plaintiff incorporates by this reference Paragraphs 1 through 30 inclusive of Count I as and for Paragraphs 1 through 30 of this Count II as if fully set forth herein verbatim.

31. Defendants' conduct constitutes false representations.

32. The debt owed by Defendants to Plaintiff was caused Defendants' false representations.

33. By reason of the foregoing, the debt owed to Plaintiff by Defendants should be excepted from discharge, and Plaintiff is entitled to a judgment against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto.

WHEREFORE, Plaintiff, FasTech Services, Inc., requests that this Court (a) rule the debt owed by Defendants to Plaintiff is excepted from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (b) enter judgment in favor of Plaintiff and against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest,

attorney's fees, expenses and costs accrued thereon and incurred with respect thereto; and (c) grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III
## DETERMINATION OF THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)—ACTUAL FRAUD

1-30. Plaintiff incorporates by this reference Paragraphs 1 through 30 inclusive of Count I as and for Paragraphs 1 through 30 of this Count III as if fully set forth herein verbatim.

31. Defendants' conduct circumvented and cheated Plaintiff.

32. Defendants' conduct was fraudulent.

33. Defendants' intended to defraud Plaintiff.

34. The debt owed by Defendants to Plaintiff was caused Defendants' actual fraud.

35. By reason of the foregoing, the debt owed to Plaintiff by Defendants should be excepted from discharge, and Plaintiff is entitled to a judgment against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto.

WHEREFORE, Plaintiff, FasTech Services, Inc., requests that this Court (a) rule the debt owed by Defendants to Plaintiff is excepted from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (b) enter judgment in favor of Plaintiff and against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto; and (c) grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT IV
## DETERMINATION OF THE DISCHARGEABILITY OF A DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(4)—FRAUD OR DEFALCATION

1 – 25. Plaintiff incorporates by this reference Paragraphs 1 through 25 inclusive of Allegations Common to All Counts as and for Paragraphs 1 through 25 of this Count IV as if fully set forth herein verbatim.

26. Section 523(a)(4) of the Bankruptcy Code provides that a debtor cannot discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

27. Mark never disclosed to Plaintiff that he was in possession of Plaintiff's Property.

28. Susan never disclosed to Plaintiff that she was in possession of Plaintiff's Property.

29. At all material times, each of the Defendants knew Plaintiff often struggled to operate its business in the ordinary course of business due to Plaintiff's lack of adequate working capital.

30. By their silence and failure to disclose material facts, Plaintiff was given the false impression that neither of the Defendants was in possession of Plaintiff's Property.

31. By virtue of the various positions Mark held with Plaintiff and the FasTech Companies, including as an officer and a director, Mark owed fiduciary duties and a duty of loyalty to Plaintiff.

32. By virtue of their employment by Plaintiff and the FasTech Companies, each of the Defendants owed obligations of honesty and good faith to Plaintiff.

33. As a fiduciary of Plaintiff, Mark held in trust for Plaintiff any property belonging to or owned by Plaintiff, including Plaintiff's Property, which came into his possession, custody or control.

34. Mark was a fiduciary of Plaintiff before he came into possession of Plaintiff's Property.

35. Mark never disclosed his possession of Plaintiff's Property, misappropriated Plaintiff's Property to his own use and benefit, and failed to account for the same.

36. Mark's conduct constitutes fraud or defalcation while acting in a fiduciary capacity.

37. Susan acted in concert with Mark when Mark committed fraud or defalcation while acting in a fiduciary capacity.

38. The debt owed by Defendants to Plaintiff was caused by their misconduct as alleged herein.

39. By reason of the foregoing, the debt owed to Plaintiff by Defendants should be excepted from discharge, and Plaintiff is entitled to a judgment against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto.

WHEREFORE, Plaintiff, FasTech Services, Inc., requests that this Court (a) rule the debt owed by Defendants to Plaintiff is excepted from discharge pursuant to § 523(a)(4) of the Bankruptcy Code; (b) enter judgment in favor of Plaintiff and against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto; and (c) grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT V
## DETERMINATION OF THE DISCHARGEABILITY OF A DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(4)—EMBEZZLEMENT

1 – 35. Plaintiff incorporates by this reference Paragraphs 1 through 35 inclusive of Count IV as and for Paragraphs 1 through 35 of this Count V as if fully set forth herein verbatim.

36. By virtue of their positions with Plaintiff, Plaintiff's Property came into Defendants' possession by lawful means.

37. Plaintiff neither had knowledge of, nor consented to, Defendants' possession of Plaintiff's Property.

38. Defendants appropriated Plaintiff's Property for their own use and benefit.

39. Defendants appropriated Plaintiff's Property for their own use and benefit with fraudulent intent or deceit.

40. Defendants embezzled Plaintiff's Property.

41. The debt owed by Defendants to Plaintiff was caused by embezzlement.

42. By reason of the foregoing, the debt owed to Plaintiff by Defendants should be excepted from discharge, and Plaintiff is entitled to a judgment against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto.

WHEREFORE, Plaintiff, FasTech Services, Inc., requests that this Court (a) rule the debt owed by Defendants to Plaintiff is excepted from discharge pursuant to § 523(a)(4) of the Bankruptcy Code; (b) enter judgment in favor of Plaintiff and against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto; and (c) grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT VI
## DETERMINATION OF THE DISCHARGEABILITY OF A DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(4)—LARCENY

1 – 35. Plaintiff incorporates by this reference Paragraphs 1 through 35 inclusive of Count V as and for Paragraphs 1 through 35 of this Count VI as if fully set forth herein verbatim.

36. Plaintiff's Property came into Defendants' possession by unlawful means.

37. Plaintiff neither had knowledge of, nor consented to, Defendants' possession of Plaintiff's Property.

38. Defendants appropriated Plaintiff's Property for their own use and benefit.

39. Defendants appropriated Plaintiff's Property for their own use and benefit with felonious intent.

40. The debt owed by Defendants to Plaintiff was caused by larceny.

41. By reason of the foregoing, the debt owed to Plaintiff by Defendants should be excepted from discharge, and Plaintiff is entitled to a judgment against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto.

WHEREFORE, Plaintiff, FasTech Services, Inc., requests that this Court (a) rule the debt owed by Defendants to Plaintiff is excepted from discharge pursuant to § 523(a)(4) of the Bankruptcy Code; (b) enter judgment in favor of Plaintiff and against Defendants in the amount of not less than $92,200.00, or such higher amount as the evidence might show, plus interest, attorney's fees, expenses and costs accrued thereon and incurred with respect thereto; and (c) grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 3, 2010                  Respectfully submitted,

                                          FASTECH SERVICES, INC.

                                          By: /s/ Charles S. Stahl, Jr.
                                              One of its attorneys

Charles S. Stahl, Jr. (Attorney I.D. 2699915)
Swanson, Martin & Bell, LLP
2525 Cabot Drive
Suite 204
Lisle, Illinois 60532
Telephone: (630) 799-6990
Facsimile: (630) 799-6901